IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TERANCE ALBERT TRACY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-cv-02711-LKG |
| v. | ) ) ) | |
| ROBERT JOSEPH RAY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**CASE MANAGEMENT ORDER**

Federal Rule of Civil Procedure 83(b) provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Such case management includes holding pretrial conferences for the purpose of "establishing early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a).

Pursuant to these authorities, and in an effort to streamline proceedings, reduce unnecessary and costly motions practice, and "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, this Standing Case Management Order (the "Case Management Order") shall govern in all civil proceedings before Judge Griggsby, until and unless expressly superseded. Although this Case Management Order places formal requirements on the manner in which cases shall proceed, it is intended only to more effectively channel the efforts of litigants and to allocate the resources of the Court. This Case Management Order does not, and is not intended to, modify or abridge any substantive rights of any litigant.

**I.      Applicability**

      **A.      Effective Date**

This Case Management Order is effective upon its filing as to any parties who have already appeared. For any parties who have not appeared at the time that this Case Management Order is entered upon the docket, this Case Management Order is effective immediately upon receipt. Entry of an appearance by counsel, which includes gaining access to the docket of this case through CM/ECF, shall constitute receipt. But, this Case Management Order is not to be

construed so as to penalize any party who violates its terms without having received notice of its contents.  *See* Fed. R. Civ. P. 83(b).

    **B.**    **Service Of Order**

    1.    If this Case Management Order is entered *before* the summons and complaint have been served upon all defendants, a copy of this Case Management Order shall be served upon any unserved Defendants simultaneously with the summons and complaint, in any manner authorized by Rule 4(c).

    2.    If this Case Management Order is entered *after* the summons and complaint have been served upon all defendants, but before all defendants have appeared, plaintiff shall serve a copy of this Case Management Order on all defendants who have not yet appeared in a manner consistent with Rule 5(b) and reasonably calculated to provide prompt, actual notice of this Case Management Order.  Such service is to be effected within three (3) business days of entry of this Case Management Order, unless good cause is shown as to why service cannot be effected within that time.

**II.**    **Motions Practice**

    **A.**    **Pre-Motion Notice And Conference**

    1.    No motions may be filed without first seeking a Pre-Motion Conference with the Court.  This limitation applies to any and all motions, including Motions to Dismiss filed in lieu of an Answer, with the exception of:  (1) motions for extension of time and (2) motions in prisoner cases when the prisoner is not represented by counsel.

    2.    If a party intends to file a motion, it must first file a Notice of Intent to File a Motion (the "Notice"), not to exceed three single-spaced pages, containing a brief description of the motion sought to be filed, a brief summary of the particularized factual and legal support for the motion, whether the parties have communicated with each other, and a proposed briefing schedule for the filing of the motion.  The Notice shall contain sufficient information to demonstrate that it is premised on colorable, good-faith arguments and is not frivolous or brought for any improper purpose, Fed. R. Civ. P. 11, but need not contain more.  The Notice shall state whether the parties have met and conferred to discuss whether the matter at issue can be resolved without a motion.

    3.    No response to the Notice is necessary or shall be permitted.

    4.    The timely filing of a Notice, within the time period to file the underlying motion to which it relates, will toll the time to file such motion until the date set by the Court at the Pre-Motion Conference.  In the event that a Notice seeks to file a pre-Answer motion to dismiss, this provision also will apply, and the time to answer provided in Federal Rule of Civil Procedure 12(a) will be tolled.

5.  Upon receipt of the Notice, the Court shall schedule a telephonic Pre-Motion Conference with all parties. In addition to the proposed motion, the parties shall be prepared to address whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge and whether they wish to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery. The parties are encouraged and expected to consult with their clients and to confer with each other on these matters in advance of the Pre-Motion Conference and, if possible, to present joint views to the Court.

6.  Pursuant to Local Rule 105.3 (D. Md. 2023), no memorandum or brief in support of a motion, or in opposition thereto, shall exceed thirty (30) pages, nor shall any reply memorandum or brief exceed fifteen (15) pages, exclusive of exhibits and tables, without leave of the Court. Approval to exceed these page limits may be sought during the Pre-Motion Conference. All briefs must be in 12- point font, including footnotes, and the document margins must be 1" on all sides.

7.  Except as provided herein, or as ordered during a Pre-Motion Conference, all motions must comply with the Local Rules of this Court. *See* e.g., Local Rule 105.2(c) (covering cross-motions for summary judgment); Local Rule 105.3 (providing for page limits); and Local Rule 105.4 (providing for tables of contents in lengthy memoranda).

8.  Should the Court determine that no Pre-Motion Conference is necessary, the Court will cancel the conference and issue a Scheduling Order regarding the filing of motions in accordance with the terms of this Case Management Order and the Local Rules.

B.  **Submission Of Exhibits/Joint Record**

1.  In the event that a party files a motion for summary judgment, or the parties file cross-motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, all parties shall cooperate to compile a joint statement of facts that are not disputed for the purposes of summary judgment. Such facts shall be submitted in a Joint Statement of Undisputed Facts and need not—and shall not—be supported with additional documentary evidence. The parties may stipulate to facts, or to the authenticity, relevance, or admissibility of particular documents, for the purposes of summary judgment without prejudice to their ability to dispute such facts in good faith at later proceedings.

2.  With respect to all other evidence to be considered on summary judgment, the parties shall submit a single, consolidated record (the "Joint Record"), as follows:

   a.  The party filing first shall compile any exhibits needed to support its position. All exhibits shall be provided in a clear format that includes the complete document, rather than an excerpt. All deposition

    transcripts shall be highlighted to identify the cited portions in a manner that allows both the highlighting and the highlighted text to be clear and easily seen as filed. Any lengthy documents (more than 10 pages) of which only certain portions are relevant shall be highlighted similarly. If only a *de minimis* portion of a document or deposition is necessary, the parties may seek permission to file only the first page of the document and the relevant portion.

b. All exhibits shall be produced in a clear, legible format. Photographic or photocopied exhibits must be included in their original format (color or black-and-white) and in sufficient quality and resolution that their contents are reasonably clear. Any documents that cannot be printed on standard 8.5"x11" paper must, to the extent possible, be placed in a folder or securely affixed to a page of paper or cardstock that is 8.5"x11".

c. The initial movant's exhibits shall be tabbed with exhibit numbers and each page shall be consecutively numbered (such as with a Bates stamp or equivalent method) so that, for example, the first page of exhibit two will bear the number immediately following the number of the last page in exhibit one, and so forth for all the exhibits. Each page submitted will therefore have a unique Joint Record ("J.R.") number.

d. No exhibits need be filed with the Court with the filing of the initial motion, but the exhibits shall be provided to the opposing party in a manner that allows them to cite to the exhibit and J.R. numbers used by the movant. All citations shall be to both the relevant exhibit and J.R. number. For citations to deposition transcripts with multiple pages of transcript on a single exhibit page, the original transcript page and relevant line numbers shall be provided in parentheses following the exhibit number and J.R. number.

e. The respondent/cross-movant shall not provide duplicates of any of the initial movant's exhibits but, to the extent necessary, shall cite to those same exhibits by exhibit and J.R. number. To the extent practicable, the respondent/cross-movant shall ensure that relevant portions of depositions or lengthy documents are highlighted even if those exhibits originally were provided by movant.

f. If the respondent/cross-movant seeks to rely upon additional exhibits, or to submit any other materials, it shall do so in the same format as provided in paragraphs 2.a–d above. Respondent/cross-movant shall begin numbering its exhibits and its pages where movant's exhibits/pages left off. For example, if movant provides fifteen exhibits, numbered 1–15, and comprising pages 1–200,

     respondent/cross-movant should begin with exhibit 16, and the first page should be numbered 201.

g. The same procedure shall be followed for exhibits relevant to subsequently filed memoranda, such as a reply or, if permitted by the Court, sur-reply memorandum.[1]

h. If a party believes that it requires additional facts to oppose summary judgment pursuant to Federal Rule of Civil Procedure 56(d), it shall state those facts with particularity in an affidavit and include that affidavit as an exhibit in the Joint Record.

i. Within seven (7) days of the filing of the final brief on the Motion, the parties shall jointly file the Joint Record, both electronically and in hard copy in a single, bound volume(s).  Notwithstanding Local Rule 105.5, all exhibits shall be tabbed and indexed, and shall be bound along the left side in a three-ring binder.[2]

Dated:  October 20, 2023                           s/ Lydia Kay Griggsby
                                                           LYDIA KAY GRIGGSBY
                                                           United States District Judge

---

[1] Any objections to an exhibit shall be stated, in 250 words or less, on a cover page to that exhibit. "Under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not be in admissible form; the requirement is that the party identify facts that could be put in admissible form." *Mallik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013).  And so, the mere fact that a document is inadmissible in its current form is not a valid objection.  Similarly, objections to the contents or credibility should not be made unless they have a nonfrivolous basis.  The party offering an exhibit may respond to the objection in 250 words or less, on the same cover page.  But, an objection to an adversary's exhibit is not a basis for excluding any document from the Joint Record.

[2] The procedures for the submission of exhibits relating to a summary judgment motion, set forth in part II.B.2 above, shall also be followed by the parties in submitting exhibits in relation to any other substantive motion for which exhibits are relevant, including a motion to dismiss.